D. Shawn Burkley (SBN 310129)
15233 Ventura Blvd., Suite 515
Sherman Oaks, California 91403
Phone: (818)386-8408
Fax: (818) 858-1089
E-mail: Shawn@BurkleyHouse.com

Attorneys for Defendants
*TRAVIS HANTSBARGER & DONNA BRITTON*

UNITED STATES DISTRICT COURT,

CETRANL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON STRATTON<br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.<br>         Defendants. | Case No.: 2:19-cv-00430-MCS (ASX)<br><br>**DEFENDANTS HANTBARGER AND BRITTON'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Original Complaint Filed: 12/17/2019<br>Removed to Fed Court 1/18/19<br>FAC Filed 11/22/19<br>Trial set for: 3/1/2<br><br>Assigned to:<br>Hon. Mark C. Scarsi (7C)<br>Magistrate: Alka Sagar (540) |

TO THIS HONORABLE COURT AND ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD :Pursuant to the Local rules, Defendants Travis Hantsbarger and Donna Britton (the "Private Defendants") hereby submit their Memorandum of Contentions of Law and Fact.

Dated October 9, 2020

/s/ D. C. B__

D. SHAWN BURKLEY
Attorney for Travis Hantsbarger and
Donna Britton

I. **SUMMARY OF EVIDENCE IN OPPOSITION TO PLAINTIFF'S CLAIMS**

On the night of April 12, 2018 Donna Britton, who is elderly and lives alone, was sitting in her recliner with the radio and lights off Plaintiff admits to climbing over a five foot fence and into elderly Defendant Donna Britton's backyard. (Transcript of Preliminary Hearing[1] at 3; Dckt 50, ¶12.) Plaintiff admits carrying a pistol (non-functioning) and a bat. (*Id* at ¶ 13.) He repeated flashed a flashlight into Ms. Britton's house scaring her. (TX at 4.) Plaintiff claims he entered Ms. Britton's property from the rear this because he heard a child crying. (*Id* at ¶ 11.) Plaintiff claims that he entered Ms Britton's backyard because the police had investigated the matter and the child continued to cry, he proceeded into Defendant Britton's yard "without trespassing." (*Ibid.*) Ms. Britton did not give Plaintiff permission to enter the property. (TX at 8:11-14).Plaintiff did this despite being told by police "he was too drunk to be walking around trying to figure out who was yelling." (TX at 37:18 – 22.)

Scared, Ms. Britton called her neighbor, Travis Hantsbarger to assist her. (TX at 4.) Plaintiff admits to laying on the ground while Hantsbarger was investigating. (Dckt 50 at ¶12.) Plaintiff he did this because he thought Hantsbarger might be a police officer. (*Ibid.*) Neither Britton or Hantsbarger are police officers, nor represented themselves as such.

When Plaintiff refused to comply with Hantsbarger's statements to disarm and instead rose up and took a batting stance against Hantsbarger, Hantsbarger in self-defense swung a golf club at plaintiff, knocking the gun from Plaintiff's hand. Once the gun was knocked from Plaintiff's hand, Hantsbarger instructed Britton to take the gun and hide it. (TX at 7.) Once the

---

[1] People v. Vernon Stratton LA Superior Court Case No. LA088200 (hereafter TX.)

police arrived, Ms. Britton gave the gun to the police. (TX at 7.) No allegation is made that Hantsbarger or Britton detained Plaintiff any longer than it took for the police to arrive.

Plaintiff alleges, without proof, that both Ms. Britton and Mr. Hantsbarger made false statements in their police reports and conspired with the LAPD defendants to prosecute Plaintiff. (Dkt. 50 *passim*)

## II.  SUMMARY OF CLAIMS AND DEFENSES

**A. CLAIM ONE:  (Violation of Civil Rights – Unlawful Detention, Arrest and Imprisonment) Defendants believe that Plaintiff is suing for a deprivation of civil rights for unlawful detention and/or false imprisonment under 42 USC 1983.**

1. Elements of CLAIM ONE:

    1. VIOLATION OF CIVIL RIGHTS: UNLAWFUL DETENTION
        i.   Intentional deprivation of right
        ii.  Performed under "color of law"
        iii. Violation of recognized right
        iv.  Deprivation was a substantial factor is causing Plaintiff's harm
    2. UNLAWFUL IMPRISONMENT:
        i.   Intentional deprivation of freedom from movement
        ii.  by use of force or threats,
        iii. with no legal right to detain
        iv.  and without consent,
        v.   causing harm to the Plaintiff.

2. AFFIRMATIVE DEFENSES AND EVIDENCE IN SUPPORT

    i. <u>As to the 1983 Claim: Neither Defendants Hantsbarger nor Britton are state actors</u>. (See *Florer v. Congregation Pidyon Shevuyim, N.A.* (9th Cir. 2011) 639 F.3d 916, 922.: "The Supreme Court has explained that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.') No allegation is made that Hantsbarger or Britton, regardless of their statements (which appear to be neutral) are state actors.

    ii. <u>As to the 1983 Claim: Plaitiff does not allege the violation of a federal right as to Britton.</u> Plaintiff alleges that Britton conspired with the LAPD defendants to take Plaintiff under the hospital where Plaintiff was placed under guard. Plaintiff does not make any allegation that he has a right to go to the hospital without police guard where there is an active investigation going on.

**B. CLAIM TWO:  (Violation of Civil Rights – Malicious Prosecution)** Defendants believe that Plaintiff is suing for malicious prosecution under 42 USC 1983

1. <u>Elements of CLAIM TWO: UNLAWFUL IMPRISONMENT</u>

    1.<u>VIOLATION OF CIVIL RIGHTS</u>

      i.   SEE SECTION (A)(1)(a)(i)

    2.<u>MALICIOUS PROSECUTION:</u>

      i.   Active involvement on causing Plaintiff to be arrested

      ii.  Criminal proceeding ended in Plaintiff's favor

      iii. No reasonable person in Defendant's circumstances would have believed that there were grounds for causing Plaintiff to be arrested

      iv.  Defendants acted primarily for a purpose other than to bring Plaintiff to justice

      v.   Harm to Plaintiff

      vi.  Defendants caused Plaintiff's harm

## 2. AFFIRMATIVE DEFENSES AND EVIDENCE IN SUPPORT

<u>As to the 1983 Claim:</u> Neither Defendants Hantsbarger nor Britton are state actors and neither had any role in the charging decision

<u>As to Malicious Prosecution claim:</u> Plaintiff's criminal proceeding did not in Defendant's favor (*Williams v. Hartford Ins. Co.* (1983) Cal.App.3d 893) because Plaintiff was held to answer on the assault with a deadly weapon charge. (TX at 70.)

**C. CLAIM THREE: (Negligence, including Negligent Infliction of Emotional Distress)**

Defendants believe that Plaintiff is suing for negligence (including NIED).

1. Elements of CLAIM TWO: NEGLIGENCE and NEID

   a. NEGLIGENCE

   i. Legal Duty to use care

   ii. Breach of that duty

   iii. Breach is proximate or legal cause of injury

   b. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

   i. Negligent causing of injury to victim

   ii. Plaintiff was present when victim was injured

   iii. Plaintiff was aware that Defendant's act was causing injury to victim

   iv. Plaintiff suffered serious emotional distress

   v. Plaintiff's conduct was substantial factor in causing Plaintiff's serious emotional distress

2. AFFIRMATIVE DEFENSES AND EVIDENCE IN SUPPORT

<u>As to negligence:</u> Plaintiff was owed **no duty** by Defendants where he when he climbed over a wall onto another's property, after being told by police that he was too drunk to go

looking around for causes of the disturbance, did not announce himself, hid in the grass rather than respond to Hantsbarger's requests that he identify himself, and assumed an attack position rather than surrender his weapons immediately.  Plaintiff was **contributorily negligent** when he climbed over a wall onto another's property, after being told by police that he was too drunk to go looking around for causes of the disturbance, did not announce himself, hid in the grass rather than respond to Hantsbarger's requests that he identify himself, and assumed an attack position rather than surrender his weapons immediately.

Further Plaintiff **assumed the risk** that he would be taken for a trespasser when he when he climbed over a wall onto another's property, after being told by police that he was too drunk to go looking around for causes of the disturbance, did not announce himself, hid in the grass rather than respond to Hantsbarger's requests that he identify himself, and assumed an attack position rather than surrender his weapons immediately.

<u>As to NEID:</u> **Failure to state a cognizable claim** as there is no "direct victim" theory of NEID in California (Klein v. Children's Hosp. Medical Ctr. (1996) 46 Cal.App.4th 889, 894-895). The term, in the direct victim context is a "misnomer" and the action lies in negligence. *(Ibid.)*

**D.  CLAIM FOUR:  (Intentional Infliction of Emotional Distress)** Defendants believe that they are being sued for Intentional Infliction of Emotional Distress (IIED).

 1.<u>Elements of CLAIM FOUR: IIED</u>

  i.    extreme and outrageous conduct,

 ii.    the intent to cause, or reckless disregard of causing, emotional distress

 iii.    the plaintiff's severe emotional suffering, and

 iv.    actual and proximate causation of the emotional distress by defendant's conduct**.**

2. AFFIRMATIVE DEFENSES AND EVIDENCE IN SUPPORT

As to IIED:  Defendant's actions were **lawfully privileged** where Plaintiff trespassed on to Ms. Britton's property armed with a gun and bat, did not announce himself, hid in the grass, did not comply with Mr. Hantsbarger's requests to identify himself, refused to disarm voluntarily, and assumed an attack position. The actions were lawfully privileged where Penal Code 198.5 creates a presumption of reasonable defense where an intruder comes into a confined part of the home. (See also CALCRIM 505 and 506.)

E.  CLAIM FIVE:  (Assault and Battery) Defendants believe that they are being sued for Assault and Battery.

1. Elements of CLAIM FOUR: ASSAULT
   i.   Defendant acted in a manner intending to cause harmful or offensive conduct
   ii.  That Plaintiff reasonably believed he was to be touched in a harmful manner
   iii. That Plaintiff believed that Defendant was going to carry out the threat
   iv.  No consent by Plaintiff as to the touching
   v.   Plaintiff was harmed and Defendant's conduct was a substantial factor in that harm

2. Elements of BATTERY
   i.   Defendant touched Plaintiff with intent to harm him
   ii.  No consent by Plaintiff
   iii. Reasonable person would have been offended
   iv.  Harm to Plaintiff
   ii.   That Plaintiff reasonably believed he was to be touched in a harmful manner

3. AFFIRMATIVE DEFENSES AND EVIDENCE IN SUPPORT

As to both ASSAULT and BATTERY:  Defendant's actions were done in self defense where Hantsbarger's actions were reasonable and proportionate. Hantsbarger had a golf club and was defending himself against Plaintiff who was armed with a gun and metal

bat. Plaintiff hid in the grass and then took an offensive posture "batting position" when asked to disarm.

### III.     JURY TRIAL

The Private Defendants content that this matter should be heard before a jury.

### IV.     ATTORNEY'S FEES

The Private Defendants do not dispute that attorney's fees may be recoverable on Federal Civil Rights claims but maintain that no civil rights claims are properly against them because they are not state actors.

### V.     NO ABANDONMENT OF DEFENSES OR ISSUES

The Private Defendants make this submission to comply with the local rules but do not abandon, but rather expressly reserve, any and all contentions of fact, defenses, and evidentiary issues that may arise at trial. The Private Defendants additionally reserve the right to supplement this document as other evidence or contentions of fact become known to defendants.

Dated October 9, 2020



D SHAWN BURKLEY
Attorneys for Plaintiff

---

8
DEFENDANTS HANTSBARGER AND BRITTON'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW