PATRICK S. SMITH, ESQ., State Bar No. 120220
BELTRAN, BELTRAN, SMITH & MACKENZIE LLP
16133 Ventura Blvd., Suite 1145
Encino, California 91436
Telephone: (818) 981-1027
Facsimile: (844) 270-8055
patricksmithlaw@gmail.com

Attorney for Plaintiff
VERNON STRATTON

*Attorneys for Plaintiff* Vernon Stratton

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON STRATTON<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER GONZALEZ (#42365), OFFICER SANCHEZ (#32899), OFFICER AMBER KIM (#40907), TRAVIS HANTSBARGER, DONNA BRITTON, and DOES 1 – 100, inclusive.<br><br>Defendants. | **CASE NO.: CV19-00430-MCS-(ASx)**<br>*Hon. Judge Mark C. Scarsi Ctrm 7C, 7th Fl.*<br>*Hon. Mag. Judge Alka Sagar, Ctrm 540, 5th Fl.*<br><br>**PLAINTIFF'S PROPOSED DISPUTED INSTRUCTIONS**<br><br>**Pretrial Conference**<br>**Date:** November 2, 2020<br>**Time:** 2:00 p.m.<br>**Courtroom:** 7C<br><br>**Trial**<br>**Date:** November 17, 2020<br>**Time:** 8:30 a.m.<br>**Courtroom:** 7C |

DATED: October 9, 2020     BELTRAN, BELTRAN, SMITH & MACKENZIE LLP

By:__/S/_____
PATRICK S. SMITH
Attorneys for Plaintiff

i

## DAMAGES INSTRUCTIONS ON THE INTENTIONAL TORT CLAIMS BY PLAINTIFF AGAINST DEFENDANTS HANTSBARGER AND BRITTON

| # | Instruction | Source | Page |
|---|---|---|---|
| 1 | 3900 Introduction to Tort Damages—Liability Contested | 2 CACI 3900 (2020) | Page 2 |
| 2 | 3902 Economic and Noneconomic Damages | 2 CACI 3902 (2020) | Page 3 |
| 3 | 3903 Items of Economic Damage | 2 CACI 3903 (2020) | Page 4 |
| 4 | 3903A Medical Expenses—Past and Future (Economic Damage) | 2 CACI 3903A (2020) | Page 5 |
| 5 | 3903C Past and Future Lost Earnings (Economic Damage) | 2 CACI 3903C (2020) | Page 6 |
| 6 | 3903D Lost Earning Capacity (Economic Damage) | 2 CACI 3903D | Page 7 |
| 7 | 3903 N Lost Profits (Economic Damage) | 2 CACI 3903N (2020) | Page 8 |
| 8 | 3905 Items of Noneconomic Damage | 2 CACI 3905 (2020) | Page 9 |
| 9 | 3905A Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) | 2 CACI 3905A (2020) | Page 10 |

## PUNITIVE DAMAGES INSTRUCTION FEDERAL CIVIL RIGHTS CLAIMS

| # | Instruction | Source | Page |
|---|---|---|---|
| 10 | Punitive Damages | *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983) | Page 11 |

# 1.
# DAMAGES –(STATE LAW CLAIMS)

**3900 Introduction to Tort Damages—Liability Contested**

If you decide that Plaintiff has proved hi claim against any defendant you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendant Hantsbarger's and Britton's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiff:

1. Past economic loss

   Lost Earnings

   Lost Profits

   Medical Expenses

   Other Past Economic Losses, including attorneys' fees, bail amounts or other damages.

2. Future economic loss, including

   Lost Earnings

   Lost Profits

   Medical Expenses

   Other Future Economic Losses

3. Past noneconomic loss including physical pain and mental suffering and emotional distress.

4. Future noneconomic loss, including physical pain and mental suffering and emotional distress.

5. Punitive Damages

**2.**

**3902 Economic and Noneconomic Damages**

The damages claimed by Plaintiff for the harm caused by [name of defendant] fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

**3.**

**3903 Items of Economic Damage**

The following are the specific items of economic damages claimed by Plaintiff:

    Past Economic Damage:

        Lost Earnings

        Lost Profits

        Medical Expenses

        Other Past Economic Losses, including attorneys' fees, bail amounts or other damages

    Future economic loss, including

        Lost Earnings

        Lost Profits

        Medical Expenses

        Other Future Economic Losses

**4.**
**3903A Medical Expenses—Past and Future (Economic Damage)**

To recover damages for past medical expenses, Plaintiff must prove the reasonable cost of reasonably necessary medical care that he has received.

To recover damages for future medical expenses, Plaintiff must prove the reasonable cost of reasonably necessary medical care that he is reasonably certain to need in the future.

## 5.
## 3903C Past and Future Lost Earnings (Economic Damage)

To recover damages for past lost earnings, Plaintiff must prove the amount of [insert one or more of the following: income/earnings/salary/wages that he has lost to date.

To recover damages for future lost earnings, Plaintiff must prove the amount of income he will be reasonably certain to lose in the future as a result of the injury.

**6.**
**3903D Lost Earning Capacity (Economic Damage)**

To recover damages for the loss of the ability to earn money as a result of the injury, Plaintiff must prove:

1. That it is reasonably certain that the injury that Plaintiff sustained will cause him to earn less money in the future than he otherwise could have earned; and

2. The reasonable value of that loss to him.

In determining the reasonable value of the loss, compare what it is reasonably probable that Plaintiff could have earned without the injury to what he can still earn with the injury. Consider the career choices that Plaintiff would have had a reasonable probability of achieving. It is not necessary that he have a work history.

### 7.
### 3903N Lost Profits (Economic Damage)

To recover damages for lost profits, Plaintiff must prove it is reasonably certain he would have earned profits but for Defendants' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Plaintiff would have received but for Defendants' conduct and then subtract from that amount the expenses including the costs and expenses for his solar business Plaintiff would have had if Defendants' conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**8.**
**3905 Items of Noneconomic Damage**

The following are the specific items of noneconomic damages claimed by Plaintiff:

Past noneconomic loss, including Physical Pain, Mental Suffering, and Emotional Distress

Future noneconomic loss, including Physical Pain, Mental Suffering, and Emotional Distress

9

**9.**
**3905A Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage)**

Past and future physical pain/mental suffering/loss of enjoyment of life/disfigurement/ physical impairment/Inconvenience/grief/anxiety/ humiliation/emotional distress, and other damages.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future pain and suffering and emotional distress, Plaintiff must prove that he is reasonably certain to suffer that harm.

For future pain and suffering and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiff for future pain and suffering and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

# 10.
# PUNITIVE DAMAGES ON CIVIL RIGHTS CLAIMS

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find the issues in favor of the plaintiff, and if the conduct of the defendants is shown to be with malice, wanton, oppressive, or in a reckless or callous disregard of, or indifference to, the rights or safety of others, then you may assess punitive or exemplary damages in addition to any award of actual damages.

Devitt and Blackmar (3rd ed.) §85.11 (modified)

Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983)